IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| DEWAYNE CURTIS, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:15-cv-2328-B |
| | § | |
| METROPOLITAN LIFE INSURANCE COMPANY, | § | |
| | § | |
| Defendant. | § | |

**MEMORANDUM OPINION AND ORDER ON
PLAINTIFF'S MOTION TO COMPEL DISCOVERY**[1]

Plaintiff Dewayne Curtis ("Plaintiff") has filed a Motion to Compel Discovery from Metropolitan Life Insurance Company [Dkt. No. 15] (the "Motion to Compel"), seeking to compel the production of certain documents and interrogatory answers from Defendant Metropolitan Life Insurance Company ("Defendant" or "MetLife").

Specifically, Plaintiff's Motion to Compel seeks an order compelling MetLife to provide substantive and complete answers to Interrogatory Nos. 1(g), 4, 6, 7, 8, 9, and 10 and to provide substantive or more complete responses to Request for Production ("RFP") Nos. 1, 2, 6, 7, 9(f), 11, 13, 20, 21, 23, 26, 27, 28, 29, 30, 31, and 32.

---

[1] Under § 205(a)(5) of the E-Government Act of 2002 and the definition of "written opinion" adopted by the Judicial Conference of the United States, this is a "written opinion[] issued by the court" because it "sets forth a reasoned explanation for [the] court's decision." It has been written, however, primarily for the parties, to decide issues presented in this case, and not for publication in an official reporter, and should be understood accordingly.

United States District Judge Jane J. Boyle referred the Motion to Compel to the undersigned United States magistrate judge for determination. *See* Dkt. No. 16. Defendant responded, *see* Dkt. No. 23, and Plaintiff filed a reply, *see* Dkt. No. 31. The Court then heard oral argument on the Motion to Compel on February 19, 2016. *See* Dkt. No. 32.

For the reasons and to the extent explained below, based on the parties' written briefing and submissions and the oral argument, the Court GRANTS in part and DENIES in part Plaintiff's Motion to Compel [Dkt. No. 15] and defers ruling in part.

**Background**

Plaintiff seeks to recover long-term disability ("LTD") benefits under the Energy Future Holdings Corp. Health and Welfare Benefit Program (the "Plan") and has asserted a claim against MetLife to recover the benefits under Section 502(a)(1)(B) of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1132(a)(1)(B), and to recover his attorneys' fees and costs under 29 U.S.C. § 1132(g). MetLife denied Plaintiff disability benefits on the basis that Plaintiff's medical condition did not prevent him from working.

Plaintiff submitted to Defendant a set of interrogatories and of requests for production of documents. Plaintiff asserts that the primary purpose of Plaintiff's discovery in this case is to determine the procedural irregularities and the conflicts of interest of Defendant in processing Plaintiff's claim and arriving at its decision to deny Plaintiff's benefits and to refute any claim by Defendant that its conflict of interest is

de minimis, and Plaintiff asserts that his discovery is proportional to the needs of the case.

Defendant responds that Plaintiff's Motion to Compel ignores the comprehensive information that MetLife has already produced in response to voluminous discovery demands and that Plaintiff seeks to unreasonably expand the limitations established by the Fifth Circuit in *Crosby v. Louisiana Health Serv. & Indem. Co.*, 647 F.3d 258 (5th Cir. 2011), and *Vega v. National Life Ins. Servs., Inc.*, 188 F.3d 287 (5th Cir. 1999) (en banc), *abrogated in part on other grounds by Metropolitan Life Ins. Co. v. Glenn*, 554 U.S. 105 (2008). Defendant contends that, because the Court will review MetLife's factual determinations to resolve the merits of its claim determination, only the evidence in the administrative record is relevant and admissible, except as the United States Court of Appeals for the Fifth Circuit has stated in *Crosby*: a claimant may only question through additional discovery beyond production of the administrative record (i) the completeness of the administrative record, (ii) whether the administrator complied with ERISA's procedural regulations, and (iii) the existence and extent of the conflict of interest created by the administrator's dual role in making benefit determinations and paying claims. Defendant reports that it has already responded to 12 interrogatories and 16 requests for production, which are not the subject of Plaintiff's Motion to Compel, and has produced more than 2,700 pages of documents, and that, in responding to Plaintiff's interrogatories, MetLife has addressed its dual role, explaining the active steps that it takes to reduce potential bias and promote accuracy in its claims procedures.

## Legal Standards

Federal Rule of Civil Procedure 37(a) governs motions to compel discovery responses. Rule 37(a)(3)(B) provides that a party seeking discovery may move for an order compelling production against another party when the latter has failed to produce documents requested under Federal Rule of Civil Procedure 34. *See* FED. R. CIV. P. 37(a)(3)(B)(iv). For purposes of Rule 37(a), "an evasive or incomplete disclosure, answer, or response must be treated as a failure to disclose, answer, or respond." FED. R. CIV. P. 37(a)(4).

Under Federal Rule of Civil Procedure 26(c), the Court "may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." FED. R. CIV. P. 26(c)(1). "[T]he burden is upon [the party seeking the protective order] to show the necessity of its issuance, which contemplates a particular and specific demonstration of fact as distinguished from stereotyped and conclusory statements." *In re Terra Int'l,* 134 F.3d 302, 306 (5th Cir. 1998) (citation omitted). A protective order is warranted in those instances in which the party seeking it demonstrates good cause and a specific need for protection. *See Landry v. Air Line Pilots Ass'n*, 901 F.2d 404, 435 (5th Cir. 1990). The Court has broad discretion in determining whether to grant a motion for a protective order. *See Harris v. Amoco Prod. Co.,* 768 F.2d 669, 684 (5th Cir. 1985). "The trial court is in the best position to weigh fairly the competing needs and interests of parties affected by discovery." *Seattle Times Co. v. Rhinehart,* 467 U.S. 20, 36 (1984).

The party resisting discovery must show specifically how each discovery request is not relevant or otherwise objectionable. *See McLeod, Alexander, Powel & Apffel, P.C. v. Quarles*, 894 F.2d 1482, 1485 (5th Cir. 1990). And a party who has objected to a discovery request must, in response to a motion to compel, urge and argue in support of his objection to a request, and, if he does not, he waives the objection. *See Sonnino v. Univ. of Kansas Hosp. Auth.*, 221 F.R.D. 661, 670-71 (D. Kan. 2004).

A party resisting discovery must show how the requested discovery was overly broad, burdensome, or oppressive by submitting affidavits or offering evidence revealing the nature of the burden. *See Merrill v. Waffle House, Inc.*, 227 F.R.D. 475, 477 (N.D. Tex. 2005); *see also S.E.C. v. Brady*, 238 F.R.D. 429, 437 (N.D. Tex. 2006) ("A party asserting undue burden typically must present an affidavit or other evidentiary proof of the time or expense involved in responding to the discovery request.").

Federal Rules of Civil Procedure Rules 26(b) and 26(c) have been amended, effective December 1, 2015. Rule 26(b)(1) now provides that, "[u]nless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable." FED. R. CIV. P. 26(b)(1). And, as amended, Rule 26(c)(1)

authorizes protective orders, for good cause shown, "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including one or more of the following: (A) forbidding the disclosure or discovery; (B) specifying terms, including time and place or allocation of expenses, for the disclosure or discovery; (C) prescribing a discovery method other than the one selected by the party seeking discovery; (D) forbidding inquiry into certain matters, or limiting the scope of disclosure or discovery to certain matters; (E) designating the persons who may be present while the discovery is conducted; (F) requiring that a deposition be sealed and opened only on court order; (G) requiring that a trade secret or other confidential research, development, or commercial information not be revealed or be revealed only in a specified way; and (H) requiring that the parties simultaneously file specified documents or information in sealed envelopes, to be opened as the court directs." FED. R. CIV. P. 26(c)(1).

The amendments to Rule 26 govern in all proceedings in civil cases thereafter commenced and, insofar as just and practicable, in all proceedings then pending. The Court finds that applying the standards of Rules 26, as amended, to Plaintiff's motions to compel is both just and practicable, and the briefing does not reflect any contrary position by the parties. Further, for the reasons the Court has recently explained, the Court concludes that the amendments to Rule 26 do not alter the burdens imposed on the party resisting discovery discussed above. *See Carr v. State Farm Mutual Automobile Insurance Company*, ___ F.R.D. ___, No. 3:15-cv-1026-M, 2015 WL 8010920, at *3-*10 (N.D. Tex. Dec. 7, 2015). Rather, just as was the case before the

December 1, 2015 amendments, under Rules 26(b)(1) and 26(b)(2)(C)(iii), a court can – and must – limit proposed discovery that it determines is not proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit – and the court must do so even in the absence of a motion. *See Crosby v. La. Health Serv. & Indem. Co.*, 647 F.3d 258, 264 (5th Cir. 2011).

But a party seeking to resist discovery on these grounds still bears the burden of making a specific objection and showing that the discovery fails the proportionality calculation mandated by Rule 26(b) by coming forward with specific information to address – insofar as that information is available to it – the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

The party seeking discovery, to prevail on a motion to compel or resist a motion for protective order, may well need to make its own showing of many or all of the proportionality factors, including the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, and the importance of the discovery in resolving the issues, in opposition to the resisting party's showing. And the party seeking discovery is required

to comply with Rule 26(b)(1)'s proportionality limits on discovery requests; is subject to Rule 26(g)(1)'s requirement to certify "that to the best of the person's knowledge, information, and belief formed after a reasonable inquiry: ... (B) with respect to a discovery request..., it is: (i) consistent with these rules and warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law, or for establishing new law; (ii) not interposed for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; and (iii) neither unreasonable nor unduly burdensome or expensive, considering the needs of the case, prior discovery in the case, the amount in controversy, and the importance of the issues at stake in the action"; and faces Rule 26(g)(3) sanctions "[i]f a certification violates this rule without substantial justification." FED. R. CIV. P. 26(g)(1)(B), 26(g)(3); *see generally Heller v. City of Dallas*, 303 F.R.D. 466, 475-77, 493-95 (N.D. Tex. 2014).

But the amendments to Rule 26(b) and Rule 26(c)(1) do not alter the basic allocation of the burden on the party resisting discovery to – in order to prevail on a motion for protective order or successfully resist a motion to compel – specifically object and show that the requested discovery does not fall within Rule 26(b)(1)'s scope of relevance (as now amended) or that a discovery request would impose an undue burden or expense or is otherwise objectionable or properly subject to a protective order. *See McLeod*, 894 F.2d at 1485; *Heller*, 303 F.R.D. at 483-93.

Federal Rule of Civil Procedure 37(a)(5)(A) provides that, if a motion to compel is granted, or if the requested discovery is provided after the motion was filed, "the

court must, after giving an opportunity to be heard, require the party … whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees," except that "the court must not order this payment if: (i) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action; (ii) the opposing party's nondisclosure, response, or objection was substantially justified; or (iii) other circumstances make an award of expenses unjust." FED. R. CIV. P. 37(a)(5)(A).

Rule 37(a)(5)(B)-(C) further provide in pertinent part that, "[i]f the motion is denied, the court may issue any protective order authorized under Rule 26(c) and must, after giving an opportunity to be heard, require the movant, the attorney filing the motion, or both to pay the party … who opposed the motion its reasonable expenses incurred in opposing the motion, including attorney's fees," "[b]ut the court must not order this payment if the motion was substantially justified or other circumstances make an award of expenses unjust," and that, "[i]f the motion is granted in part and denied in part, the court may issue any protective order authorized under Rule 26(c) and may, after giving an opportunity to be heard, apportion the reasonable expenses for the motion." FED. R. CIV. P. 37(a)(5)(B)-(C).

Federal Rule of Civil Procedure 26(c)(3) provides that, in connection with a motion under Rule 26(c) for a protective order, Federal Rule of Civil Procedure "37(a)(5) applies to the award of expenses." FED. R. CIV. P. 26(c)(3).

## Analysis

I. <u>Limitations on Discovery in Review of an ERISA Benefits Determination</u>

The Fifth Circuit explained in *Crosby* that its decision in "*Vega* does not ... prohibit the admission of evidence to resolve other questions that may be raised in an ERISA action. For example, in an ERISA action under 29 U.S.C. § 1132(a)(1)(B), a claimant may question the completeness of the administrative record; whether the plan administrator complied with ERISA's procedural regulations; and the existence and extent of a conflict of interest created by a plan administrator's dual role in making benefits determinations and funding the plan." 647 F.3d at 263 (footnotes omitted).

The Fifth Circuit explained that "[t]hese issues are distinct from the question of whether coverage should have been afforded under the plan," that "[w]e see no reason to limit the admissibility of evidence on these matters to that contained in the administrative record, in part, because we can envision situations where evidence resolving these disputes may not be contained in the administrative record," and that "[a] discovery request for such information may be relevant and thus permissible under federal discovery rules." *Id.* (citations omitted).

But the Fifth Circuit also cautioned that, because "review of an ERISA benefits determination is essentially analogous to a review of an administrative agency decision, district courts must monitor discovery closely"; that "ERISA plan administrators are permitted to exercise broad discretion, which the statute confirms by strictly limiting the scope of judicial review," and that, "[f]or federal courts to engage in full review of the motivations behind every plan administrator's discretionary

decisions would move toward a costly system in which Article III courts conduct wholesale reevaluations of ERISA claims and would seriously undermine ERISA's goal of resolving claims efficiently and inexpensively"; that, "[a]ccordingly, district courts must be mindful of the limitations placed on the frequency and extent of discovery under the federal rules, particularly Rule 26(b)," and, "[f]or instance, a district court must limit otherwise permissible discovery if it determines that the burden or expense of the proposed discovery outweighs its likely benefit, considering the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the action, and the importance of the discovery in resolving the issues"; that "Rule 26(b) has never been a license to engage in an unwieldy, burdensome, and speculative fishing expedition"; and that "[w]e trust that district courts will guard against abusive discovery." *Id.* at 264 (internal quotation marks and citations omitted).

With these and Rule 26(b)(1)'s standards in mind, the Court will address in turn each of the categories of discovery requests at issue in the Motion to Compel.

II.   Compensation of Defendant's Employees (Interrogatory Nos. 4 and 6; RFP No. 11)

As a preliminary matter at to all of the interrogatories and requests for production at issue in Plaintiff's Motion to Compel, MetLife's general objections to Plaintiff's requests for production and interrogatories, *see* Dkt. No. 15-1 at 4-5 of 10; Dkt. No. 15-2 at 4-5 of 15, are overruled as invalid. *See Heller*, 303 F.R.D. at 483-84.

As to Interrogatory Nos. 4 and 6 and RFP No. 11 specifically, MetLife has not pressed or supported its specific objections to these discovery requests as calling for

proprietary, private, sensitive, or confidential information, and those objections are therefore waived and overruled.

In light of the Fifth Circuit's guidance in *Crosby* and the United States Supreme Court's decision in *Metropolitan Life Ins. Co. v. Glenn*, 554 U.S. 105 (2008), as recently discussed and applied in *Hagen v. Aetna Ins. Co.*, 808 F.3d 1022 (5th Cir. 2015), and of Rule 26(b)(1)'s standards, the Court determines that MetLife is required to supplement its answer to Interrogatory No. 4 to more fully describe the policy and methods used to determine compensation for the claims and appeals specialists who handled Plaintiff's claim, such as any policy or method for determining and calculating bonuses, pay increases, or gain sharing. The Court otherwise determines that the additional information that Plaintiff seeks, including regarding compensation of supervisors up to the head of the claims department (whom Defendant has represented is not involved in individual claims decisions), is not proportional to the needs of the case, considering the relevant factors under Rule 26(b)(1) and the Fifth Circuit's guidance in *Crosby*, and that MetLife is not required to further answer Interrogatory Nos. 4 and 6 and RFP No. 11 beyond the supplemental answer to Interrogatory No. 4 required above.

III. Plan Documents, Claim Handling Procedures and System of Communications (Interrogatory Nos. 7, 8, and 9; RFP No. 6)

MetLife has not adequately briefed or supported its specific objections to Interrogatory Nos. 7, 8, and 9 and RFP No. 6 as compound, confusing, and vague and ambiguous, and those objections are therefore waived and overruled.

The parties do not dispute that MetLife has produced the Plan documents, including the summary plan description, the certificate of insurance, and the plan instrument. Defendant has also agreed to produce its general claim guidelines relevant to claims based on orthopedic and cardiac medical conditions, if any exist.

In light of the Fifth Circuit's guidance in *Crosby* and Rule 26(b)(1)'s standards, the Court determines that MetLife is required to answer Interrogatory No. 8, but only limited to whether and, if so, how the policy and methods used to determine compensation for the claims and appeals specialists who handled Plaintiff's claim take account of the items listed in (a)-(h) of Interrogatory No. 7. The Court determines that the additional information that Plaintiff seeks is not proportional to the needs of the case, considering the relevant factors under Rule 26(b)(1) and the Fifth Circuit's guidance in *Crosby*, and that MetLife is not required to further answer Interrogatory Nos. 7, 8, and 9 and RFP No. 6 beyond the answer to Interrogatory No. 8 required above.

IV. Defendant's Outside Medical Consultants and Claims Handlers (Interrogatory Nos. 1(g) and 10; RFP Nos. 9(f), 13, 23, 26, 27, 28, 29, 30, 31 and 32)

MetLife has not adequately briefed or supported its specific objections to Interrogatory Nos. 1(g) and 10 and RFP Nos. 9(f), 13, 23, 26, 27, 28, 29, 30, 31 and 32 as compound, confusing, unlimited in time and scope, calling for proprietary, private, sensitive, or confidential information, unclear, and vague and ambiguous, and those objections are therefore waived and overruled.

MetLife has agreed to produce the resumes of the claim and appeal specialists who handled Plaintiff's claim.

In light of the Fifth Circuit's guidance in *Crosby* and Rule 26(b)(1)'s standards, the Court determines that MetLife is required to answer Interrogatory No. 1(g) to generally describe what, if any, methods MetLife uses to monitor or impose quality assurance measures on the outside medical consultants or independent physician consultants involved with Plaintiff's claims. The Court determines that the additional information that Plaintiff seeks beyond what MetLife has already provided as responsive to these discovery requests, including regarding performance evaluations, is not proportional to the needs of the case, considering the relevant factors under Rule 26(b)(1) and the Fifth Circuit's guidance in *Crosby*, and that MetLife is not required to further answer Interrogatory Nos. 1(g) and 10 and RFP Nos. 9(f), 13, 23, 26, 27, 28, 29, 30, 31 and 32 beyond the answer to Interrogatory No. 1(g) required above.

V.   The Claim File (RFP Nos. 1, 2, and 21)

MetLife has not adequately briefed or supported its specific objections to RFP Nos. 1, 2, and 21 as unclear and vague and ambiguous, and those objections are therefore waived and overruled.

As the Court discussed with counsel at oral argument, Defendant must file a supplemental appendix attaching an amended privilege log by **February 24, 2016**. Plaintiff must file a supplement to its Motion to Compel responding to the amended privilege log by **March 2, 2016**. The Court will defer ruling on the privilege and work

product issues raised by the Motion to Compel as to the documents lists on MetLife's privilege log pending these supplemental filings.

VI. <u>Claims Consistency (RFP No. 7)</u>

MetLife has not adequately briefed or supported its specific objections to RFP No. 7 as vague and ambiguous, and that objection is therefore waived and overruled.

In light of the Fifth Circuit's guidance in *Crosby* and Rule 26(b)(1)'s standards, and based in part on the reasoning in *Pylant v. Hartford Life & Acc. Ins. Co.*, No. 3:05-cv-379-G, 2006 WL 3247314, at *5 (N.D. Tex. Nov. 9, 2006), the Court determines that the additional information that Plaintiff seeks beyond what MetLife has already provided as responsive to these discovery requests, including regarding performance evaluations, is not proportional to the needs of the case, considering the relevant factors under Rule 26(b)(1), and that MetLife is not required to further respond to RFP No. 7.

VII. <u>Organizational Chart (RFP No. 20)</u>

MetLife has not adequately briefed or supported its specific objections to RFP No. 7 as unclear and vague and ambiguous, and those objections is therefore waived and overruled.

In light of the Fifth Circuit's guidance in *Crosby* and Rule 26(b)(1)'s standards and the Court's ruling as to Interrogatory Nos. 4 and 6 and RFP No. 11, the Court determines that the information that Plaintiff seeks through RFP No. 20 is not proportional to the needs of the case, considering the relevant factors under Rule 26(b)(1), and that MetLife is not required to further respond to RFP No. 20.

VIII.   Requests for Expenses

In light of the relief awarded above and the Court's consideration of the parties' respective positions in connection with Plaintiff's Motion to Compel, the Court determines that, under Federal Rules of Civil Procedure 26(c)(3) and 37(a)(5), each party will bear its own costs in connection with this motion.

## Conclusion

The Court GRANTS in part and DENIES in part Plaintiff's Motion to Compel [Dkt. No. 15] and defers ruling in part for the reasons and to the extent explained above.

Defendant Metropolitan Life Insurance Company is ORDERED to file a supplemental appendix attaching an amended privilege log by **February 24, 2016**. and to otherwise produce the responsive documents or electronically stored information and serve the interrogatory answers as required and explained above by **March 11, 2016**. Plaintiff Dewayne Curtis is ORDERED file a supplement to its Motion to Compel responding to the amended privilege log by **March 2, 2016**.

SO ORDERED.

DATED: February 19, 2016

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE